JUSTIN E. SMITH, *Adm'r, versus* CALEB ESTES, *Trustee.*

Under the Revised Statutes of 1841, an action cannot be sustained, which was
brought by an *administrator* against one for aiding a debtor of the plaintiff's
intestate, in the fraudulent transfer of his property, contrary to the statute
in that behalf provided, as the cause of action does not survive.

THE question submitted in this case was whether, upon the
allegations in plaintiff's writ, this action can be maintained.
The substance of the plaintiff's declaration is stated in the
opinion of the Court.

*Titcomb* argued for the plaintiff, and

*Drummond,* for the defendant.

The opinion of the Court was delivered by

GOODENOW, J.—This case is submitted to the full Court
upon the declaration in the writ, which makes a part of the
case. If the plaintiff cannot maintain this action against the

defendant, by agreement of the parties, he is to become non-suit; otherwise the action is to stand for trial.

The material facts stated in the declaration are, that, on the ninth day of October, 1857, one David L. Estes was indebted to John Richards, late of said Hallowell, since deceased; that, during his lifetime, he was a creditor of said David L. Estes, on that day, before and after, to the day of his decease. That, on said ninth day of October, 1857, the said defendant, at said Vassalborough, did knowingly aid and assist the said David L. Estes in a fraudulent transfer and concealment of his property, of great value, &c., with intent to secure the same from the creditors of the said David L. Estes, and to prevent an attachment of the same or seizure thereon on execution; that said Richards died on the —— day of November, 1857; that the plaintiff has been duly appointed administrator of the goods and estate of said John Richards, has accepted the trust and given bonds as the law directs; and, as such administrator, brings this action.

The writ is dated February 26, 1858.

The alleged fraudulent transfer was made in 1857, while the Revised Statutes of 1840 were in force. The cause of action was wholly given by statute. When a statute is repealed, though a similar one be then enacted, rights given wholly by the statute repealed cease to exist, unless preserved by a saving clause.

The statutes of 1840 gave a special action on the case, as a remedy in cases of this kind, and provided that, " in addition to actions which survive according to the rules of the common law, the following, also, shall survive, namely; actions of replevin, actions of trover, assault and battery, actions of trespass for goods taken and carried away, and actions of trespass, and trespass on the case, for damage done to real or personal property.

This is not an action for damage done to the real or personal property, and, therefore, does not survive by virtue of the above provision of the statute. I need not say, if it could be maintained at common law, for single damages, still,

it would die with the person. The question does not arise, in this case, whether the cause of action would, or would not, survive under the Revised Statutes of 1857, if the case came within the operation of those statutes, as it clearly does not.

In our opinion the cause of action does not survive, and, according to the agreement of the parties, a

*Nonsuit must be entered.*

Tenney, C. J., and Rice, Appleton, Cutting, and May, J. J., concurred.